UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| JIANJUN LOU, | : | |
| Plaintiff, | : | 09 Civ. 9398 (AJP) |
| -against- | : | **OPINION AND ORDER** |
| TRUTEX, INC., SUN IM KIM, and HANMI BANK, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

    Plaintiff Jianjun Lou brings this action against defendants Trutex, Inc. ("Trutex") and Sun Im Kim as alter egos/successors-in-interest to enforce a prior $268,704 federal judgment against judgment debtor James Jong Lee. (See Dkt. No. 15: Compl.)[1/] Lou seeks to recover $265,000 of the judgment from additional defendant Hanmi Bank, alleging that the California bank violated this Court's October 23, 2009 temporary restraining order ("TRO") by releasing funds from Trutex's account to Sun Im Kim. (See Compl. ¶¶ 17-19, 80-85.)

    Presently before the Court is Hanmi Bank's motion to dismiss. (Dkt. No. 23: Hanmi Bank Notice of Motion; see also Dkt. No. 24: Hanmi Bank Br.; Dkt. No. 33: Hamni Bank Reply Br.) The parties have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6: § 636 Consent.)

    For the reasons set forth below, Hanmi Bank's motion to dismiss is GRANTED.

---

[1/]  Unless otherwise noted, all references in this Report and Recommendation to "Compl." are to the Second Amended Complaint.

**FACTS**

In a prior civil action in this District, plaintiff Jianjum Lou sued James Jong Lee and his corporations (New Paragon Inc. and Trion Corp.) for payment for goods sold and delivered. (Dkt. No. 15: Compl. ¶ 3; see also Lou v. Trion Corp., 06 Civ. 6083, Dkt. No. 1: Compl.) On September 8, 2008, this Court assisted the parties in reaching a settlement agreement. (Lou v. Trion Corp., 06 Civ. 6083, Dkt. No. 58: 9/8/08 Order of Dismissal.) When Lee failed to make his scheduled payments on the $268,704 settlement, this Court directed the clerk's office to enter judgment against defendant Lee for that amount. (Lou v. Trion Corp., 06 Civ. 6083, Dkt. Nos. 64 & 65: 4/17/09 Memo Endorsed Order & 4/20/09 Judgment.)

While that case was pending, Lou alleges that Lee "fraudulently transferred his funds and assets" to Trutex Inc. and "its alleged 'principal' Sun Im Kim." (Compl. ¶¶ 4, 6, 42-47.) Lou sought to enforce the judgment against Lee by serving a Restraining Notice, Writ of Execution and Notice of Levy on Hanmi Bank in California, where Lee held his accounts. (Compl. ¶¶ 17-18.) Hanmi Bank informed Lou that Lee had already removed all the funds from Lee's personal account, but that there was $267,000 in the Trutex account. (Compl. ¶ 19.)

On October 22, 2009, Lou wrote this Court requesting an order directing Hanmi Bank "to restrain any and all Hanmi Bank accounts belonging to James Lee, including his 'Trutex Inc.' account," and "to turn over the funds in all such accounts, including the funds in the 'Trutex Inc.' account, to the U.S. Marshal." (Lou v. Trion Corp., 06 Civ. 6083, Dkt. No. 66: Seelig 10/22/09 Letter to Court.) Endorsing the letter, this Court responded:

>   1.   You are free to initiate legal action against Hanmi Bank if you think that appropriate (in Calif., not this Court).

> 2. If "Trutex Inc." is a corporation, you need to take action to pierce the corporate veil. However, if you also have any restraining notice on Mr. Lee, any money he receives from Trutex is subject to that restraint. Take discovery from Mr. Lee to get facts to pierce the veil as to Trutex.
>
> 3. The Court strongly suggests that Mr. Lee (and his counsel) stop playing games and satisfy the judgment!

(Id.)

The next day, Lou wrote this Court "with more relevant information showing that Defendant James Lee hid and transferred his assets and money to Trutex Inc.," and requested that this Court issue a TRO against Hanmi Bank "to restrain and turnover the funds in the Trutex, Inc. account, rather than requiring the parties to engage in motion practice on this issue." (Dkt. No. 25: Lasky 4/30/12 Aff. Ex. 3: Seelig 10/23/09 Letter to Court at 1, 3.) Endorsing the letter, this Court issued a TRO:

> The Court temporarily enjoins the Hanmi Bank from allowing the withdrawal or transfer of any funds from the Trutex bank account of Mr. Lee. Plaintiff's counsel shall proceed forthwith, here or in Calif. courts, to present evidence that Trutex is the successor or alter ego of New Paragon/Mr. Lee. This TRO expires within 10 days unless extended. [Plaintiff's counsel] shall promptly serve this Order on Hanmi Bank and counsel for Mr. Lee.

(Id.) When Lou served the TRO on Hanmi Bank on October 23, 2009, the Trutex account contained $267,000. (Compl. ¶ 82.)

The ten-day TRO was set to expire on November 2, 2009. On October 27, 2009, Lou requested, inter alia, an extension of the TRO:

> [W]e respectfully request your Honor for an Order (i) extending the Temporary Restraining Order and granting a permanent injunction, (ii) ordering that Trutex is liable for an [sic] must pay and satisfy the Judgment, and (iii) directing Hanmi Bank to immediately turnover the funds in the Trutex account to the U.S. Marshal in an

amount sufficient to satisfy the Judgment (e.g. $268,704.00), and (iv) for any such other and further relief as the Court deems appropriate.

(Lasky 4/30/12 Aff. Ex. 5: Seeling 10/27/09 Letter to Court at 9.)

The same day, this Court issued the following order:

> The Court is in receipt of plaintiff's October 27, 2009 letter and attachments. The letter indicates it was served on Mr. O'Leary, former counsel for defendants who has advised plaintiff and the Court that he no longer represents defendants.
>
> While the Court had retained jurisdiction to enforce the prior settlement, it is not clear to me that that extends to veil piercing against a new entity, Trutex - and certainly does not in the absence of proper service on Trutex and the original defendants. Moreover, the Court is uncertain that it has any jurisdiction over California-based Hanmi Bank.
>
> The Court is not prepared to act against Trutex/defendants in this manner. The Court suggests that plaintiff file an appropriate action in California, a new enforcement action in this Court, or if it believes it can do so, bring an appropriate formal motion, with proper service, in this action.
>
> Plaintiff's counsel is to serve this Order on defendants, Trutex and Hanmi Bank.

(Lou v. Trion Corp., 06 Civ. 6083, Dkt. No. 67: 10/27/09 Order.) After this Court's October 27, 2009 Order, Lou never sought an extension of the TRO. On October 30, 2009, Hanmi issued a $265,000 check to Sun Im Kim that was drawn against the Trutex Account. (Compl. ¶ 83.) Lou only found out "several months later" that Hanmi Bank had released the Trutex funds. (Lasky 4/30/12 Aff. Ex. 6: Seelig 6/7/10 Letter to Court at 1-2.)

As part of his Second Amended Complaint, Lou now alleges that Hanmi violated this Court's TRO when it released the funds from Trutex's account and is therefore liable to Lou for $265,000. (Compl. ¶¶ 84-85.)

## ANALYSIS

I.  **THE STANDARDS GOVERNING A MOTION TO DISMISS**

   A.  **The Twombly-Iqbal "Plausibility" Standard**

   In two decisions in 2007 and 2009, the Supreme Court significantly clarified the standard for a motion to dismiss, as follows:

   > Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in <u>Twombly</u>, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it <u>demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation</u>. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
   >
   > To survive a motion to dismiss, <u>a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."</u> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
   >
   > Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. <u>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss</u>. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009) (citations omitted & emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57, 570, 127 S. Ct. 1955, 1965-66, 1974 (2007) (retiring the Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), pleading standard that required denying a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[2/]

Even after Twombly and Iqbal, the Court's role in deciding a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Bison Capital Corp. v. ATP Oil &Gas Corp., 10 Civ. 0714, 2010 WL 2697121 at *5 (S.D.N.Y. June 24, 2010) (Peck, M.J.) (quotations omitted), report & rec. adopted, 2010 WL3733927 (S.D.N.Y. Sept. 16, 2010); accord, e.g., Saunders v. Coughlin, 92 Civ.

---

[2/] Accord, e.g., Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009); Jones v. N.Y. Dep't of Corr. (DOC) Jail, 11 Civ. 4477, 2011 WL 5865143 at *1-2 (S.D.N.Y. Nov. 22, 2011) (Peck, M.J.), report & rec. adopted, 2012 WL 1232963 (S.D.N.Y. Apr. 12, 2012); Lindner v. IBM Corp., 06 Civ. 4751, 2008 WL 2461934 at *3 (S.D.N.Y. June 18, 2008); Joseph v. Terrence Cardinal Cooke Health Care Ctr., 07 Civ. 9325, 2008 WL 892508 at *1 (S.D.N.Y. Apr. 2, 2008); Elektra Entm't Grp., Inc. v. Barker, 551 F. Supp. 2d 234, 237 (S.D.N.Y. 2008); Edison Fund v. Cogent Inv. Strategies Fund, Ltd., 551 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2008); Diana Allen Life Ins. Trust v. BP P.L.C., 06 Civ. 14209, 2008 WL 878190 at *3 (S.D.N.Y. Mar. 31, 2008).

4289, 1994 WL 88108 at *2 (S.D.N.Y. Mar. 15, 1994) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).

## II. HANMI BANK'S MOTION TO DISMISS IS GRANTED BECAUSE LOU CANNOT SHOW BY CLEAR AND CONVINCING EVIDENCE THAT HANMI BANK VIOLATED THIS COURT'S TRO OR THAT THE TRUTEX FUNDS WOULD HAVE BEEN AVAILABLE FOR COLLECTION BUT FOR HANMI BANK'S ACTIONS

As the Second Circuit has noted, "a contempt order is a 'potent weapon' that is inappropriate if 'there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y., 558 F.3d 159, 164 (2d Cir. 2009) (citation omitted).[3] Therefore, a "'contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict.'" Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y., 558 F.3d at 164 (citation omitted).[4] "Specifically, the 'movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has

---

[3] Accord, e.g., Board of Trs. of Local 295/Local 851 - I.B.T. Emp'r Grp. Pension Trust Fund v. Hail Air Freight, Inc., 06 Civ. 528, 2008 WL 1758719 at *3 (S.D.N.Y. Apr. 16, 2008) (Lynch, D.J.) (contempt not warranted where "there is 'a fair ground of doubt as to the wrongfulness' of the Companies' conduct."); Panix Promotions, Ltd. v. Lewis, 01 Civ. 2709, 2004 WL 421937 at *7 (S.D.N.Y. Mar. 5, 2004) ("The civil contempt power is an extreme remedy and indeed a 'potent weapon,' and therefore should not be utilized 'where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" (citations omitted)); Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 170 (E.D.N.Y. 1999) ("The contempt power is a grave responsibility and a 'potent weapon,' which should not be used 'where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'" (citation omitted)).

[4] Accord, e.g., In re Chevron Corp., 736 F. Supp. 2d 773, 789 (S.D.N.Y. 2010); Cordius Trust v. Kummerfeld, 99 Civ. 3200, 2009 WL 3416235 at *6 (S.D.N.Y. Oct. 23, 2009); Maxwell v. N.Y. Univ., 08 Civ. 3583, 2009 WL 1576295 at *4 (S.D.N.Y. June 1, 2009), aff'd, 407 F. App'x 524 (2d Cir. 2010).

not diligently attempted to comply in a reasonable manner.'" Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y., 558 F.3d at 164.[5/]

Lou has not met his burden. In denying Lou's request to extend the TRO, this Court's October 27, 2009 Order[6/] made clear that it was "not prepared to act against Trutex/defendants in this manner." (See page 4 above.) In other words, after stating that this Court was not sure it had jurisdiction over "California-based Hanmi Bank" or that its jurisdiction "extend[ed] to veil piercing against" Trutex (see page 4 above), this Court made clear that the TRO against Hanmi Bank was not appropriate.[7/] Consequently, this Court in essence dissolved the TRO several days before Hanmi Bank allegedly violated it.[8/]

---

[5/] Accord, e.g., Cordius Trust v. Kummerfeld, 2009 WL 3416235 at *6; Maxwell v. N.Y. Univ., 2009 WL 1576295 at *4; Atl. Recording Corp. v. BCD Music Group, Inc., 08 Civ. 5201, 2009 WL 1390848 at *7 (S.D.N.Y. May 7, 2009).

[6/] "In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice." Ferrari v. Cnty. of Suffolk, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011); see also, e.g., Toliver v. City of N.Y., 10 Civ. 3165, 10 Civ. 6619, 2011 WL 4964919 at *3 (S.D.N.Y. Sept. 15, 2011) (addressing motion to dismiss: "federal courts are empowered to take judicial notice of state court records and decisions."), report & rec. adopted, 2011 WL 4964665 (S.D.N.Y. Oct. 28, 2011); Manley v. Utzinger, 10 Civ. 2210, 2011 WL 2947008 at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may take judicial notice of public records in deciding a motion to dismiss.").

[7/] While Hanmi Bank Senior Vice President Lisa Kim provided an affirmation stating that she interpreted my October 27, 2009 Order "as dissolving the TRO" before deciding to release Trutex's funds (Dkt. No. 26: Kim Aff. ¶¶ 1-6), this Court does not rely on her affirmation because, in deciding a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." Vassilatos v. Ceram Tech Int'l, Ltd., 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir. 1991)).

[8/] Tellingly, the Second Amended Complaint fails to mention this Court's October 27, 2009 Order dissolving the TRO. (See Dkt. No. 15: Compl.)

9

Moreover, sanctions for civil contempt are intended "to remedy any harm past noncompliance caused the other party." Doresett v. Cnty. of Nassau, No. CV 10-01258, 2012 WL 2076911 at *8 (E.D.N.Y. June 7, 2012); accord, e.g., GMA Accessories, Inc. v. Eminent, Inc., 07 Civ. 3219, 2008 WL 2355826 at *9 (S.D.N.Y. May 29, 2008). Here, even assuming the TRO was still in effect after this Court's October 27, 2009 Order, Lou cannot show that he was harmed by Hanmi Bank's actions. Specifically, the TRO was never extended and therefore in any event would have expired on November 2, 2009. (See pages 3-4 above.) Lou does not claim that he took any actions to retrieve or protect the Trutex funds between October 27 and November 2, 2009. In fact, Lou admits that he did not even know that Hanmi Bank had released the funds until "several months" after the TRO had expired. (See page 4 above.) Consequently, even if Hanmi Bank had not released the Trutex funds on October 30, 2009, the funds could have been released three days later on November 2, 2009. Because the Trutex funds could have been released on November 2, 2009, Lou is not entitled to damages since he cannot show that these funds would have been available for collection but for Hanmi Bank's actions. See, e.g., Paolino & Sons, Inc. v. Amalgameted Shipping Corp., Civ. A. No. 87-1777, 1989 WL 79743 at *4 (E.D. Pa. July 17, 1989) (Plaintiff not entitled to damages for civil contempt where it could not prove that it would have complied with its contractual obligations but for defendants' contempt.); cf., e.g., AMG Nat'l Trust Bank v. Ries, 319 F. App'x 90, 93 (3d Cir. 2008) ("Allowable damages [for civil contempt] are intended to restore the injured party to the position it would have occupied but for the other's contempt.").

Lou alternatively claims that, in addition to violating the TRO, Hanmi Bank also violated the April 22, 2009 Restraining Notice. (Dkt. No. 30: Lou Br. at 8; see also Lou v. Trion Corp., 06 Civ. 6083, Dkt. No. 66: Seeling 10/22/09 Letter to Court Ex. C: Restraining Notice to Garnishee.) Lou therefore claims that he can maintain his damage claim against Hanmi Bank even if his TRO claim fails for lack of causation. (Lou Br. at 8.) As Hanmi Bank correctly notes, however, that Restraining Notice applied only to Lee's bank accounts; it did not apply to Trutex, which was not even a named defendant, much less a judgment debtor, in the previous action. (See Dkt. No. 33: Hanmi Bank Reply Br. at 7.) Hanmi Bank complied with the Restraining Notice by turning over to the U.S. Marshal $588 that Lee had in his personal checking account. (See Seelig 10/22/09 Letter to Court at 2.) Accordingly, this Court finds that Hanmi Bank did not violate the Restraining Notice.

## CONCLUSION

For the reasons stated above, Hanmi Bank's motion to dismiss (Dkt. No. 23) is GRANTED.

SO ORDERED.

DATED:      New York, New York
            July 5, 2012

_____
Andrew J. Peck
United States Magistrate Judge

Copies **by ECF** to:   Allen Wu, Esq.
                        Michael C. Lasky, Esq.